# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **SCOTT E. MCGARRY,** | ) |
| | ) |
| **Plaintiff,** | ) No. 3:13-cv-00169 |
| | ) Judge Campbell |
| v. | ) |
| | ) |
| **STATE OF TENNESSEE,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

## O R D E R

The plaintiff, an inmate at the Williamson County Jail in Franklin, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983. (Docket No. 1). Along with the filing of his complaint, he submitted an application to proceed *in forma pauperis.* (Docket No. 2).

On February 26, 2013, the court entered an order alerting the plaintiff that his application to proceed *in forma pauperis* was defective because he had not provided a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2). The court directed the plaintiff to submit to the court within thirty (30) days either (1) a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the date that he receives this order, or (2) the full three hundred fifty dollar ($350.00) filing fee. (Docket No. 3).

To date, the plaintiff has neither submitted a certified copy of his inmate trust fund account statement or the civil filing fee. The plaintiff has not requested an extension of time within which to comply with the court's prior order. The docket sheet reflects that the Clerk's Office mailed a copy of the court's order to the plaintiff on March 4, 2013, at the mailing address provided by the plaintiff to the court. (Docket No. 4). The docket sheet further reflects that, on March 5, 2013, the

plaintiff received the court's order. (Docket No. 5).

An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the court's orders or engages in a clear pattern of delay. *Gibbons v. Asset Acceptance Corp.*, No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006); *see also Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power to *sua sponte* dismiss an action for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad,* 370 U.S. 626, 630-31 (1962).

The Clerk will **FILE** the complaint *in forma pauperis.* 28 U.S.C. §§ 1915(a), (b)(4).

The plaintiff is herewith assessed the three hundred fifty dollars ($350.00) civil filing fee. Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is greater:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust fund account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income, or income credited to the plaintiff's inmate trust fund account for the preceding month, but only when his monthly income exceeds ten dollars ($10.00). 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. *Id.*

This action is hereby **DISMISSED** for failure to comply with the order of the court and for want of prosecution. Fed. R. Civ. P. 41(b).

Because an appeal would **NOT** be taken in good faith, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should the plaintiff decide to file a notice of appeal, he either must pay the Clerk of Court the full four hundred fifty-five dollar ($455.00) appellate filing fee, or submit an application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the previous six (6) month period. 28 U.S.C. §§ 1915(a)(1) & (a)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Sheriff of the Williamson County Jail to ensure that the custodian of the plaintiff's inmate trust fund account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees. Should the plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this order follows the plaintiff to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

It is so **ORDERED**.

_Todd Campbell_
Todd J. Campbell
United States District Judge